UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X DOE, | No. 07-CV-01521 LEW (DADx) |
| Plaintiff, | ORDER RE: |
| v. | DEFENDANTS' MOTIONS TO DISMISS |
| LASSEN COMMUNITY COLLEGE DISTRICT, CHRIS ALBERICO, MARY ELIZABETH ALBERICO BERRY MURPHY and HOMER CISSELL, | DEFENDANT DISTRICT'S MOTION TO STRIKE |
| | DEFENDANT ALBERICO AND MURPHY'S MOTION FOR MORE DEFINITE STATEMENT |
| | PLAINTIFF'S MOTION TO AMEND COMPLAINT |
| Defendants. | |

Defendant District's Motion for Dismissal of First Amended Complaint; Defendant District's Motion to Strike Portions of Plaintiff's First Amended Complaint; Defendant Cissell's Motion for Dismissal of First Amended Complaint; Defendants ALberico & Murphy's Motion to Dismiss; and Plaintiff's Motion to Amend Complaint came on for regular hearing before this Court

on December 14, 2007.  Having considered all the papers and arguments submitted on the matter, the Court **HEREBY RULES AS FOLLOWS:**

As an initial matter, each of Defendants' Request for Judicial Notice is **GRANTED.**

This case arises out of alleged sexual harassment of Plaintiff at the hands of her employer and various employees.  Plaintiff is suing her current employer (Lassen Community College or "District") as well as three individual defendants, Chris Alberico ("Alberico"), Mary Alberico Berry Murphy ("Murphy") and Homer Cissell ("Cissell") (collectively "Individual Defendants").

Plaintiff files the action[1] using the pseudonym "X Doe".  Plaintiff offers no explanation or justification for failing to use her proper name in the filing of this action.

According to the Federal Rules of Civil Procedure, "the title of the complaint must name all the parties; the title of other pleadings, after naming the first

---

[1] On August 20, 2007, Defendants moved to dismiss the original complaint (filed July 26, 2007).  However, Plaintiff's Opposition included an Amended Complaint effectively mooting Defendants' Motions to Dismiss.  (See Sept. 25, 2007 Order.)

2

party on each side, may refer generally to other parties." Fed. R. Civ. Proc. 10(a).

Whether a district court should allow a litigant to proceed under a fictitious name depends largely on whether the litigant has a sufficient privacy interest in the information that would be revealed, in order to justify an exemption from the normal rule that parties must litigate under their own names. See, e.g., <u>James v. Jacobson</u>, 6 F.3d 233, 238 (4th Cir. 1993) ("privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed this rare dispensation")(as cited in <u>Doe v. Burton</u>, 1996 U.S. App. LEXIS 12630 (9th Cir. 1996).) At least one jurisdiction has found the District Court lacks jurisdiction where a plaintiff fails to properly identify himself. <u>See Estate of Rodriquez v. Drummond Co.</u>, 256 F. Supp. 2d 1250 (D. Ala. 2003)(holding that failure to receive leave of Court to file anonymously divested the Court of jurisdiction to hear the matter.)

The current factual allegations, while sensitive, do not justify the use of a pseudonym, especially when the issue was not properly raised with the Court prior to filing the instant action. Based on Plaintiff's failure to comply with the Federal Rules of Civil Procedure, the Court hereby **DISMISSES** the First Amended

3

Complaint with leave to amend[2].

Notwithstanding the above ruling, the Court further rules on Defendants' Motions as follows:

I. **Defendants'[3] Motions To Dismiss Plaintiff's First Amended Complaint**

  A. *Defendant Cissell's Motion to Dismiss based on Insufficient Service of Process*

Cissell alleges that he was not properly served and thus the Complaint should be dismissed as to him for insufficient service of process. (Cissell Mot. at 2-3.)

Under Rule 12(b)(5), a District Court may dismiss a complaint for insufficiency of service of the summons and the complaint. Cissell is accurate that the first attempt at service was defective, however, Plaintiff cured the defect prior to Cissell's filing of the instant motion. Cissell has responded to the Complaint and was provided additional time with which to make his

---

[2] Leave to amend is limited based on the rulings set forth in this Order.

[3] Each Defendant moves separately for dismissal, however for the purposes of this Order, the Motions have been combined except where separate arguments are necessary.

4

response, consequently, there has been no prejudice to Cissell.

Thus, Cissell's Motion to Dismiss Under Rule 12(b)(5) is **DENIED**.

B.   District's Motion to Dismiss Based on Eleventh Amendment Immunity

According to District, Plaintiff's claims under 42 U.S.C. § 1983 against District must be dismissed because District enjoys "absolute immunity." (District Mot. at 4-5.)  Plaintiff does not actually make a specific claim for relief under section 1983, indeed the Complaint is somewhat vague about the basis for Plaintiff's[4] causes of actions.  Nevertheless, because it is not necessary for a Plaintiff to state the legal grounds for each cause of action, a claim under section 1983 can be inferred from the language.[5]

Suits against State Agencies are considered suits against the State for purposes of Eleventh Amendment Immunity.  See Florida Dept. of Health and

---

[4] Plaintiff contends that the Individual Defendants can be sued in their personal capacity. (Opp. at 5.)  However, this section only examines whether District can be sued.

[5] Plaintiff alleges Federal Jurisdiction under 42 U.S.C. § 1983.

5

Rehabilitative Services v. Florida Nursing Home Ass'n, 450 U.S. 147 (1981).

The Eleventh Amendment bars damages actions brought against state officials in their official capacity, as the state is the real party-in-interest in these suits. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984). Community College Districts are state entities entitled to Eleventh Amendment Immunity. See Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1988). California school districts are immune from § 1983 suits. Belanger v. Madera Unified School Dist., 963 F.2d 248, 250 (9th Cir. 1992).

Consequently, any claims brought by Plaintiff against District under 42 U.S.C. § 1983 cannot be sustained. Plaintiff is therefore prohibited from amending any section 1983 claim against District and District's Motion to Dismiss is **GRANTED with prejudice**.

    C.   Individual Defendant's Motion to Dismiss
          Plaintiff's Title VII Claims

Plaintiff appears to seek recovery from Alberico, Murphy and Cissell under Title VII. Individual

Defendants maintain that such recovery is not permitted because they cannot be held personally liable under the statute.

Individual employees, including supervisors and managers, are not personally liable as "employers" under Title VII. See Pink v. Modoc Indian Health Project, Inc., 157 F.3d 1185, 1189 (9th Cir. 1998); see also Lesane v. Aloha Airlines, Inc., 226 Fed. Appx. 693, 700 (9th Cir. 2007).

Thus, Plaintiff's Title VII claims against the Individual Defendants cannot survive and Individual Defendant's Motion in this regard are **GRANTED with prejudice**. Consequently, Plaintiff is prohibited from filing any amended Title VII claims against any of the Individual Defendants.

D.   Defendants' Motions to Dismiss Based on Statute of Limitations

Defendants maintain that many, if not all, of Plaintiff's claims are time-barred and should therefore be Dismissed. (Dist. Mot. at 6-8.) According to Plaintiff, the *quid pro quo* sexual favors were demanded on July 30, 2004 and the sexual relationship continued until October, 2005. (Compl. ¶ 17-20.)

Plaintiff contends that the harm was a continuous harm from July, 2004, until the departure of Defendant Cissell in July of 2007.  (Opp. at 6.)

Plaintiff does not state precisely which claims are brought under which statutory scheme.  Accordingly, it is necessary to examine each potential statute to determine whether the statute of limitations is exhausted.

The Fair Housing and Employment Act, Government Code section 12960, states that "no complaint may be filed after the expiration of one year from the date upon which the alleged unlawful practice occurred. . ." Complaints brought under Title VII must be filed with the EEOC within 300 days after the alleged discriminatory act occurred.  42 U.S.C. § 2000e-5(e)(1).

Plaintiff contends that neither of these statutes has tolled because the last act of discrimination was within the statute - specifically, July of 2007. However, each of Plaintiff's claims revert to the *quid pro quo* sexual advances made by Alberico from July 2004 to October 2005.

District relies on Draper v. Coeur Rochester, 147

8

F.3d 1104, 1111 (9th Cir. 1998), which is particularly on point.  In that case, Plaintiff plead both hostile work environment as well as *quid pro quo* harassment.  The Ninth Circuit upheld the District Court's dismissal of the *quid pro quo* allegations which fell outside the statute of limitations.  <u>Id</u>.  The Court however found that while the *quid pro quo* claims were barred, the allegations of hostile work environment were not.  <u>Id</u>. at 1109-1111.

A similar result is warranted here.  Plaintiff adequately pleads that she suffered from a hostile work environment, which continues to this date.  However, any allegations based exclusively on the *quid pro quo* sexual relationship are barred as untimely.

Therefore, Defendants' Motions to Dismiss are **GRANTED with prejudice**, as to each Defendant, to the extent any claim is based exclusively on the *quid pro quo* sexual relationship.  Plaintiff is prohibited from amending those claims.

E.  <u>Defendants' Motions to Dismiss All California Education Code section 220 Claims</u>

Each Defendant moves to dismiss Plaintiff's claims

9

under Cal. Ed. Code 220[6] based on Plaintiff's failure to state a claim upon which relief can be granted.

Review of the entire code illuminates the fact that the code only applies to "Educational Institution," which according to the Education Code "means a public or private preschool, elementary, or secondary school or institution; the governing board of a school district; or any combination of school districts or counties recognized as the administrative agency for public elementary or secondary schools." Cal. Ed. Code § 210.1.

District, which employs Plaintiff, is a college institution and would not qualify as an educational institution under the education code. Plaintiff's claim cannot survive. Therefore, the Court **GRANTS with prejudice**, Defendants' Motions to Dismiss Plaintiff's California Education Code section 220 claims, as to all Defendants. Plaintiff is not permitted to amend these claims.

---

[6] No person shall be subjected to discrimination on the basis of sex, ethnic group identification, race, national origin, religion, color, mental or physical disability, or any actual or perceived characteristic that is contained in the definition of hate crimes set forth in Section 422.55 of the Penal Code in any program or activity conducted by an educational institution that receives, or benefits from, state financial assistance or enrolls pupils who receive state student financial aid.

F.  <u>Defendants Motions to Dismiss All Intentional Infliction of Emotional Distress Claims</u>

According to Defendant Cissell[7], Plaintiff's Intentional Infliction of Emotional Distress ("IIED") Claims necessarily fail because Plaintiff has not complied with California Government Code Section 815.

Under California Government Section 815:

> Except as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person. (b) The liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute, including this part, and is subject to any defenses that would be available to the public entity if it were a private person.

Cal. Gov. Code § 815

Plaintiff does not allege a violation of any

---

[7] District attempted to dismiss the IIED claims on unsuccessful grounds, however, because the claims are preempted by statute it is unnecessary to examine the grounds enumerated by District.

11

specific law or statute in regards to the IIED claims. However, several California District Courts have held that Cal. Gov. Code § 815 acts as a specific bar to IIED claims against school districts or public employees. <u>Davison v. Santa Barbara High Sch. Dist.</u>, 48 F. Supp. 2d 1225, 1232 (C.D. Cal. 1998) ("the claims for . . . intentional infliction of emotional distress against public entities and public employees fall well within the [Cal. Gov. Code 815] immunities' boundaries"); <u>Bragg v. E. Bay Reg'l Park Dist.</u>, 2003 U.S. Dist. LEXIS 23423, *18 (N.D. Cal. 2003). Therefore, IIED claims cannot be brought against public employees or entities.  Defendants' Motions are hereby **GRANTED with prejudice** as to any IIED claims, Plaintiff is therefore not permitted to amend these claims.

II. **<u>Defendant District's Motion to Strike Portions of Plaintiff's First Amended Complaint</u>**

District requests the Court strike multiple paragraphs of the First Amended Complaint, including page 15, line 15 requesting "exemplary" damages against Defendant Lassen Community College District.  As District is a government entity, and Cal. Gov. Code § 818 bars exemplary damages against government entities, this section is **STRICKEN**.  <u>See, e.g.</u> <u>Austin v. Regents of University of California</u>, 89 Cal. App. 3d 354, 359

12

(Cal. App. Ct. 1979) (affirming striking of punitive damages against University of California).

Each other paragraph District moves to strike is relevant to the claims brought forth in the First Amended Complaint and thus will not be stricken. Therefore, District's Motion is **GRANTED** in part and **DENIED** in part.

### III.     Alberico and Murphy's Motion for a More Definite Statement Pursuant to Rule 12(e)

As an alternative to their Motion to Dismiss, Alberico and Murphy filed a Motion for a More Definite Statement Pursuant to Rule 12(e).

Defendants Alberico and Murphy argue that Plaintiff fails to attribute specific conduct to any specific Defendants, that the FAC does not plead dates of the conducts, and the Complaint does not mention statutory bases for the claims.

Contrary to Defendants' assertions, Plaintiff does attribute specific conduct to Alberico and Murphy.  For instance, FAC paragraphs 18, 19, 20, and 49 state specific conducts as to Alberico.  Moreover, FAC paragraphs 28, 53, 54, and 75 state specific conducts as to Murphy.

In addition, these paragraphs recite certain relevant dates.  Plaintiff does not state a claim for fraud, and the dates that Plaintiff recites are sufficient to give Defendants notice of the bases for

13

the claims.

Moreover, contrary to Defendants' argument, Plaintiff "is not required to state the statutory or constitutional basis for his claim, only the facts underlying it."  McCalden v. Cal. Library Ass'n, 955 F.2d 1214, 1223 (9th Cir. 1992).

Therefore, the Court **DENIES** Defendant Alberico and Murphy's Motion for a More Definite Statement Pursuant to Rule 12(e) because the FAC is sufficiently definite.

V.   **Plaintiff's Motion to Amend Pleading**

Plaintiff seeks to amend the Complaint under Rule 15.  Rule 15 provides that a Complaint may be amended when justice so requires.  However, Plaintiff's proposed Second Amended Complaint is **REJECTED** based on the above holdings.  Plaintiff is hereby **GRANTED** thirty (30) days from the issuance of this Order to submit a proposed revised amended complaint in compliance with each of the above rulings.

                                                    _____
                                                         **RONALD S.W. LEW**
                                                    U.S. Senior District Judge

DATED: December 27, 2007