UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| YVONNE DEERING, | ) No. 07-CV-01521 LEW-DAD |
| | ) |
| | ) ORDER RE: |
| | ) |
| Plaintiff, | ) DEFENDANT LASSEN COMMUNITY |
| | ) COLLEGE DISTRICT'S MOTION |
| v. | ) TO DISMISS |
| | ) |
| | ) DEFENDANT LASSEN COMMUNITY |
| LASSEN COMMUNITY COLLEGE | ) COLLEGE DISTRICT'S MOTION |
| DISTRICT, CHRIS | ) TO STRIKE |
| ALBERICO, MARY ELIZABETH | ) |
| ALBERICO BERRY MURPHY, | ) DEFENDANTS ALBERICO AND |
| and HOMER CISSELL | ) MURPHY'S MOTION TO DISMISS |
| | ) |
| | ) DEFENDANT CISSELL'S MOTION |
| | ) TO DISMISS |
| Defendants. | ) |
| | ) |
| | ) |


     Defendant District's Motion for Dismissal of
Plaintiff's Second Amended Complaint; Defendant
District's Motion to Strike Parts of the Second Amended
Complaint; Defendants Alberico and Murphy's Motion to
Dismiss the Second Amended Complaint; and Defendant

Cissell's Motion for Dismissal of the Second Amended Complaint were taken under submission on March 13, 2008.  Having considered all the papers and arguments submitted on the matter, the Court **HEREBY FINDS AND RULES AS FOLLOWS**:

As a preliminary matter, each of Defendants' Requests for Judicial Notice are **GRANTED**.

This case arises out of the alleged sexual harassment of Plaintiff, at the hands of her employer and various employees.  Plaintiff is suing her current employer, Lassen Community College ("District"), as well as three individual defendants, Chris Alberico ("Alberico"), Mary Alberico Berry Murphy ("Murphy") and Homer Cissell ("Cissell") (collectively "Individual Defendants").

////
////
////
////
////
////
////
////
////
////

2

## I.   <u>Defendants'[1] Motions To Dismiss Plaintiff's Second Amended Complaint ("SAC")</u>

### A.   <u>Plaintiff is Not Obligated to Plead With Particularity</u>

Defendant Cissell maintains that Plaintiff is obligated to plead "every fact material to the existence of its statutory liability... with particularity." (Cissell Mot. at 8.)  This standard, however, is only applicable to negligence claims against "public entities".  <u>See</u> <u>Searcy v. Hemet Unified School District</u>, 177 Cal. App. 3d 792, 802, 223 Cal. Rptr. 206 (1986).

This rule does not apply to public employees.  Cal. Gov't Code § 820, which addresses public employees has no such requirement.[2]  Thus, Defendant Cissell's Motion to Dismiss the Complaint in its entirety based on Plaintiff's failure to plead with particularity is **DENIED.**

////

////

---

[1] Defendants Alberico and Murphy filed a joint Motion to Dismiss Plaintiff's SAC.  Cissell, filed a separate Motion to Dismiss.  District, also filed a separate Motion to Dismiss.  For the purposes of this Order, the Motions have been combined except where it is necessary to address them separately.

[2] "Except as otherwise provided by statute..., a public employee is liable for injury caused by his act or omission to the same extent as a private person."  Cal. Gov't Code  § 820.

2

B.  **Defendants' Motion To Dismiss Plaintiff's Inconsistent Statements As Sham**

A trial court has authority to strike statements that are inconsistent with previous pleadings if it considers them false or sham.  Ellingson v. Burlington Northern Inc., 653 F.2d 1327, 1329-30 (9th Cir. 1981). This discretion is only available where the inconsistencies are "material," and the court finds that "plaintiff could not, in good faith, have so diametrically reversed his recollection and position" between the filing of the Original and Amended Complaint.  Bradley v. Chiron Corp., 136 F.3d 1317, 1324 (Fed. Cir. 1998); See Ellingson, 653 F.2d at 1329-30.  Inconsistencies are considered material at the pleading stage when the cause of action is "dependant" on their accuracy.  Ellingson, 653 F.2d at 1324.

In the present case, the inconsistencies between Plaintiff's SAC and prior pleadings are minor, and immaterial to the cause of action.  The inconsistencies are a two week difference regarding when the harassment by Defendants Alberico and Murphy ended.  (Alberico and Murphy Mot. at 6.)  Such a minor discrepancy is irrelevant to whether or not this action should survive the pleading stage.  Therefore, Defendants' Motion to disregard minor inconsistencies between Plaintiff's SAC and previous pleadings as sham is **DENIED**.

C. <u>Defendants' Motion to Dismiss Plaintiff's
Claims Under California Government Code Section
12940</u>

    1. *Plaintiff Has Failed to Exhaust
       Administrative Remedies Under California
       Government Code Section 12940*

Prior to brining any action in Federal Court, under
setion 12940, a plaintiff must first exhaust their
administrative remedies.   Under California Government
Code Section 12940, exhaustion of all administrative
remedies requires being issued a right-to-sue letter
from the Department of Fair Employment and Housing
("DFEH").   <u>Martin v. Lockheed Missiles & Space Co.</u>, 29
Cal. App. 4th 1718 (Cal. Ct. App. 1994).   The DFEH and
the Equal Employment Opportunity Commission ("EEOC")
appear to have a work share agreement, which likely
means a single complaint will suffice for both
agencies.   See <u>Downs v. Department of Water and Power
of City of Los Angeles</u>, 58 Cal. App. 4th 1093, 1097-
1098 (1997).   Notwithstanding this agreement, both
agencies must issue individual right-to-sue letters,
and therefore an EEOC letter cannot substitute for a
DFEH letter.   See <u>id</u>.

Here, Plaintiff pleads that she has a right-to-sue
letter from the EEOC, however, there is no such
contention regarding the DFEH. (SAC at 8.)   A letter
from the DFEH, not the EEOC, is necessary for Plaintiff

4

to sufficiently exhaust her administrative remedies under California Government Code Section 12940.  See Downs, 58 Cal. App. 4th at 1097-1098.  Therefore, it is necessary for this Court to **DISMISS without prejudice,** all Section 12940 claims against all Defendants.

> ### 2. *Plaintiff's Section 12940 Retaliation Claim Against Individual Defendants Cannot Survive*

Recently, the California Supreme Court held that individuals cannot be held liable for retaliation under the Fair Employment and Housing Act ("FEHA").  <u>Jones v. The Lodge at Torrey Pines Partnership</u>, 42 Cal. 4th 1158, 1173-1174 (2008).  The precedent is clear that while an employer may be held liable, fellow employees and supervisors face no personal liability based on a claim of retaliation.  See id.

As such, Defendants' Motion to Dismiss Plaintiff's Section 12940 claims for retaliation against Individual Defendants are **GRANTED with prejudice**.

### D. <u>Plaintiff's IIED Claims Against Individual Defendants</u>

The elements of a *prima facie case* of intentional infliction of emotional distress in California are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of

the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." <u>Davidson v. City of Westminster</u>, 32 Cal. 3d 197 (1982).  In order to be considered outrageous, the conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." <u>Id</u>. (internal quotation marks omitted).

If properly pled, sexual harassment can constitute the outrageous behavior element of a cause of action for IIED, provided such a claim is brought under California State law. <u>Fisher v. San Pedro Peninsula Hosp.</u>, 214 Cal. App. 3d 590, 618 (Cal. Ct. App. 1989). Neither party brought <u>Fisher</u>, or the related line of cases to the Court's attention, thus this Court prematurely held that Individual Defendants were immune from Plaintiff's IIED claim.

In accordance with the law, this Court now concludes that Plaintiff may plead IIED against the Individual Defendants.

> **E.** <u>**Plaintiff's Claims Are Not Time Barred Because the Complaint Relates Back to Original Filing Date**</u>

Defendants' contend that Plaintiff's SAC should not relate back to the date on which she originally filed

her Complaint with the EEOC.  Plaintiff originally filed her Complaint with the EEOC on February 7, 2007, however, because Plaintiff failed to disclose her identity, the Complaint was rejected.  (SAC ¶ 34.)

According to 29 C.F.R. § 1626.6: A charge shall be in writing and shall name the prospective respondent and shall generally allege the discriminatory act(s). Section 1626.8 goes on to list the contents of the charge, including the requirement that the charge include "the full name, address and telephone number of the person making the charge."  29 C.F.R. § 1626.8. Nevertheless, "a charge is sufficient when the Commission receives [a complaint that] conforms to the requirements of § 1626.6."  29 C.F.R. § 1626.8(b). Moreover, a charge may be amended and will relate back to the "date the charge was first received."  29 C.F.R. § 1626.8(c).

Plaintiff re-filed her Complaint on June 22, 2007, and argues that her claims should relate back to the original filing date.  Plaintiff's charge was sufficient under 29 C.F.R. § 1626.8.  Therefore, under 29 C.F.R. § 1626.8(c), Plaintiff's charge relates back to the date of the first filing, February 7, 2007.

F.  <u>Individual Defendants' Motion to Dismiss
Plaintiff's Claims Under 42 U.S.C. § 1983 For
Violation of Her First Amendment Rights</u>

The elements required to establish a 42 U.S.C. § 1983 retaliation claim, for violation of an employee's First Amendment rights, are (1) the employee engaged in constitutionally protected speech, (2) the defendants took adverse employment action against the employee, and (3) the employee's speech was a substantial or motivating factor for the adverse action.  <u>Mt. Healthy City School District Board of Education v. Doyle</u>, 429 U.S. 274, 287 (1977).

Individual Defendants only dispute the first element necessary to establish Plaintiff's 42 U.S.C. § 1983 claim; that Plaintiff's speech was constitutionally protected.  Individual Defendants argue that because the alleged constitutionally protected speech did not touch on a matter of public concern, "it is not protected speech for First Amendment purposes."  (Alberico and Murphy Mot. at 16.)

Workplace speech is not protected if it does not touch on a matter of public concern.  <u>Connick v. Myers</u>, 461 U.S. 128, 147 (1983).  However, an employee's attempt to "bring to light actual or potential wrongdoing" on the part of a government employer "constitutes a matter of public concern."  <u>Id</u>. at 148.  Any employment related speech that is a matter of

public concern, may only be restricted to the extent it is necessary for employers to operate efficiently.  <u>Id</u>.

Assuming all facts and inferences in favor of Plaintiff, it can be inferred that Plaintiff's speech was a matter of public concern because it was an attempt to bring to light actual wrongdoing on the part of employee defendants.  <u>See</u> <u>Id</u>. at 148.  Plaintiff contends in her SAC, that she reported her adverse treatment to her supervisor, Karen Grosz, and was subsequently harassed by Defendants for complaining about the mistreatment.  (SAC at 6-7.)  Plaintiff further alleges that she could not file a formal complaint with Human Resources because Murphy, who was head of Human Resources, made threats against her.  (SAC at 6.)  Although Plaintiff has not explicitly stated a claim for retaliation under 42 U.S.C. § 1983, these facts are sufficient to support the inference that her speech was protected, and the harassment she received from defendants was retaliation against that protected-speech.

Therefore, Individual Defendants' Motion to Dismiss Plaintiff's retaliation claim under 42 U.S.C. § 1983 is **DENIED**.

> G.  <u>Plaintiff Does Not Need to Provide Statutory</u>
> <u>Authority For Her Retaliation Claim Against</u>
> <u>Defendant District</u>

Defendant District argues that a California public

entity has no liability for any injury as a matter of law unless provided by statute.  <u>See</u> Cal. Gov't Code § 815.  Therefore, Plaintiff's retaliation claim must be dismissed as a matter of law because it fails to provide any statutory authority.

California and Federal Law provide two anti-retaliation statutes to protect employees; Cal. Gov't Code § 12940(h) and 42 U.S.C. § 20003-3.  Although Plaintiff has not explicitly addressed these statutes in her SAC, the Ninth Circuit has held that "[a] party need not plead specific legal theories in the complaint, so long as the other side receives notice as to what is at issue in the case." <u>Sagana v. Terorio</u>, 384 F.3d 731, 736-737 (9th Cir. 2004).

Plaintiff's Complaint details the adverse treatment she received from Defendants, as well as the fact that this treatment continued after it was reported.  Therefore Defendant District's Motion to Dismiss Plaintiff's retaliation claim is **DENIED.**

**II.** **<u>Defendant District's Motion to Strike Portions of Plaintiff's Second Amended Complaint</u>**

A.   <u>Defendant District's Request to Strike Allegations from the Second Amended Complaint</u>

Defendants move to strike from the SAC the following:  ¶¶ 29, 30, 39, 40, 41, 43, 47, 51, 54.  Defendant District argues that these paragraphs in

10

Plaintiff's Complaint do not contain allegations of fact to support Plaintiff's claims for relief. (District Mot. at 13-15.)

A Court "*may* strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Most courts look at 12(f) Motions with disfavor. <u>See</u>, <u>e.g.</u>, <u>Brown & Williamson Tobacco Corp. v. United States</u>, 201 F.2d 819 (6th Cir. 1953); <u>Augustus v. Board of Public Instruction</u>, 306 F.2d 862 (5th Cir. 1962).

The paragraphs cited by Defendants are related to the subject matter of the SAC. Additionally, the paragraphs are neither redundant, immaterial, impertinent, nor scandalous. Whether the conclusions in the allegations are true is not a matter to be decided at the pleading stage. Moreover, Defendants will not be prejudiced by the inclusion of these paragraphs. Therefore, Defendant District's Motion to Strike these paragraphs from the Complaint is **DENIED.**

> B.   <u>Defendant District's Request to Strike Plaintiff's Request for Punitive and Liquidated Damages</u>

Defendant District argues that Cal. Gov't § 818 prevents Plaintiff from requesting punitive and liquidated damages.

In 1991, Congress amended Title VII to permit victims of intentional discrimination to recover punitive damages, holding that the remedy was necessary to "help make victims whole." <u>West v. Gibson</u>, 527 U.S. 212, 219 (1999). Therefore, because Plaintiff is alleging a discrimination claim under Title VII, she is free to request punitive damages.

Regarding liquidated damages, Plaintiff's request for liquidated damages is modified by the phrase "as may be deemed appropriate in amounts to be determined at trial." (SAC at 16-17.) At the pleading stage, this Court need not conclude whether liquidated damages are possible or appropriate.

////

////

////

////

////

////

////

////

////

////

////

12

Therefore, Defendant District's request to Strike Plaintiff's Request for Punitive and Liquidated Damages is **DENIED.**

**IT IS SO ORDERED.**

/s/

_____

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

DATED: April 21, 2008

13