IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YVONNE DEERING,

      Plaintiff,

   v.

LASSEN COMMUNITY COLLEGE
DISTRICT; CHRIS ALBERICO; MARY
ELIZABETH ALBERICO BERRY
MURPHY; and HOMER CISSELL,

      Defendants.

_____/

No. 2:07-CV-01521 JAM DAD

ORDER REGARDING MOTION FOR
CLARIFICATION

    The matter before the Court is Lassen Community College
District ("District") and Homer Cissell's ("Cissell")
(collectively "Defendants") motion seeking clarification of
Orders issued by Senior District Court Judge Ronald Lew on
December 28, 2007 and April 21, 2008, respectively.[1]
Specifically, Defendants seek clarification as to which claims

_____

[1] This motion was determined to be suitable for decision
without oral argument.  E.D. Cal. L.R. 78-230(h).

remain cognizable with respect to each defendant.[2]   Plaintiff Yvonne Deering ("Deering") filed a response to Defendants' motion for clarification and requested leave to amend the second amended complaint ("SAC") pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.   Upon review of the record in this case, the Court hereby finds as follows:

1. With respect to Deering's discrimination and sexual harassment claim under Title VII, the Court finds that this claim has been dismissed with prejudice as to Cissell, and has not been dismissed as to the District.   The Court further finds that to the extent Deering seeks to state a Title VII sexual harassment claim predicated upon a theory of *quid pro quo* harassment, this claim is time-barred because the allegations of *quid pro quo* harassment did not occur within the limitations period.   As such, Deering's Title VII sexual harassment claim against the District is limited to a hostile work environment theory.   Finally, the Court finds that although Deering has not pled specific statutory authority supporting her retaliation claim, she has nonetheless pled sufficient facts to state a cognizable retaliation claim against the District under Title

---

[2] As an initial matter, the Court notes that defendants Chris Alberico and Mary Elizabeth Alberico Berry Murphy have been dismissed from this action with prejudice.   Docket at 63.

VII, 42 U.S.C. § 2000e-3(a), and under 42 U.S.C. § 1981.  <u>See</u>
<u>CBOCS West, Inc. v. Humphries</u>, 128 S.Ct. 1951, 1961 (2008)
(holding that § 1981 encompasses employment-related retaliation
claims).  As stated in this Court's April 21, 2008 Order, "[a]
party need not plead specific legal theories in the complaint,
so long as the other side receives notice as to what is at issue
in the case."  <u>Sagana v. Tenorio</u>, 384 F.3d 731, 736-37 (9th Cir.
2004).

2. With respect to Deering's claims for relief under
California Government Code §§ 12940 *et seq.* ("FEHA" claims), the
Court finds that these claims (e.g., hostile work environment,
retaliation) have been dismissed without prejudice as to both
Cissell and the District for failure to exhaust administrative
remedies.  The Court finds, however, that Deering's retaliation
claim under § 12940(h) has been dismissed with prejudice as to
Cissell.

3. With respect to Deering's California Education Code §
220 claims, the Court finds that these claims have been
dismissed with prejudice as to Cissell and the District.

4. With respect to Deering's intentional infliction of
emotional distress ("IIED") claim, the Court finds that Deering

is entitled to amend her complaint to add this claim.  Although

Deering's IIED claim was dismissed with prejudice in this

Court's December 28, 2007 Order, the Court subsequently

reconsidered the propriety of this decision and determined that

this claim should not have been dismissed.  The Court notes

that, contrary to Defendants' assertion, reconsideration of this

issue was proper under Rule 54(b).  See Fed.R.Civ.P. 54(b) ("any

order or other form of decision . . . which adjudicates fewer

than all the claims of fewer than all the parties shall not

terminate the action as to any of the claims or parties, and the

order . . . is subject to revision at any time before the entry

of judgment adjudicating all the claims and the rights and

liabilities of all the parties." ).


    5. With respect to whether Deering has pled sufficient

facts to state a cognizable First Amendment retaliation claim

under § 1983, the Court finds that she has.  However, because

school districts and officials acting in their official capacity

are immune from suit under § 1983 pursuant to the Eleventh

Amendment, Deering can only state a cognizable First Amendment

retaliation claim against Cissell in his individual capacity.

See Cole v. Oroville Union High School District, 228 F.3d 1092,

1100 n. 4 (9th Cir. 2000) (school districts and district

officials acting in their official capacities are immune from

damage suits under the Eleventh Amendment).  Because school

districts are immune from suit under § 1983, the Court notes

that Deering cannot sustain any claim against the District under

§ 1983.


6. With respect to whether Deering is entitled to seek

punitive damages against the District, the Court finds that she

is not.  Punitive damages may not be assessed against a

governmental entity under FEHA, Cal. Gov't Code § 818, or under

Title VII, 42 U.S.C. § 1981a(b)(1).  Similarly, punitive damages

are unavailable against a governmental entity under an IIED

claim.  See McAllister v. South Coast Air Quality Etc. Dist.,

183 Cal.App.3d 653, 656 (1986); Austin v. Regents of University

of California, 89 Cal.App.3d 354, 358 (1979).


7. With respect to Deering's request for leave to amend the

SAC pursuant to Rule 15(a), the Court grants this request.

Defendants did not overcome Rule 15(a)'s presumption in favor of

granting leave to amend by demonstrating that amendment: (1)

would cause undue prejudice; (2) is sought in bad faith; (3)

would produce an undue delay in litigation; or (4) is futile.

Amerisource Bergen Corp. v. Dialysist West, Inc., 465 F.3d 946,

951 (9th Cir. 2006) ("Rule 15(a) is very liberal and leave to

amend 'shall be freely given when justice so requires.'  But a

district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile.").  Accordingly, Deering has twenty (20) days from service of this Order to file an amended complaint in accordance with this Order.

IT IS SO ORDERED.

Dated:  June 27, 2008

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE