UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE DEERING,<br><br>    Plaintiff,<br><br>    v.<br><br>LASSEN COMMUNITY COLLEGE DISTRICT, CHRIS ALBERICO, MARY ELIZABETH ALBERICO, BERRY MURPHY, and HOMER CISSELL,<br><br>    Defendants. | Case No. 2:07-CV-1521-JAM-DAD<br><br><u>ORDER GRANTING DEFENDANT'S</u><br><u>MOTION FOR SUMMARY JUDGMENT</u> |

    This matter is before the Court on Defendant Lassen Community College District's Motion for Summary Judgment ("Defendant"). (Doc. #97.) Plaintiff Yvonne Deering ("Plaintiff") opposes the motion. (Doc. #102.) Plaintiff's opposition was untimely, but the Court granted leave to file the opposition, and will consider the opposition. This matter was set for hearing on September 15, 2010, and ordered submitted on the briefs.[1] For the reasons set forth below, Defendant's motion is GRANTED.

---

[1] This motion was considered suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

1

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was an employee of Lassen Community College from 1999-2010. Plaintiff's action against Defendant arises from allegations of gender discrimination and harassment while employed by Defendant. Plaintiff also brought suit against her supervisors, other employees and the president of the college. All of these additional defendants have since been dismissed from the suit, leaving only Lassen Community College as a defendant.

In 1999, Plaintiff began her employment with Lassen Community College. Her position was titled "Coordinator of Student Health Services." In 2004, she applied for and accepted the position of Correspondence Secretary, which involved coordinating off-campus (typically incarcerated) students in return for a $7,000 yearly stipend. Her position was an exempt management position. Plaintiff continued working as Correspondence Secretary until she resigned in 2010.

From approximately 2003-2005, Plaintiff was involved in an affair with another employee, Chris Alberico ("Alberico"). Plaintiff alleges that she had the affair because she felt it was necessary to protect her job during a time of layoffs, as Alberico was close friends with the president of the college, Homer Cissell ("Cissell"), who made the layoff decisions. After Plaintiff ended the affair in 2005, she alleges that Alberico ceased contact with her, and that other employees treated her with hostility.[2]

Plaintiff filed three charges of discrimination, harassment,

---

[2] For a detailed description of all the factual allegations contained in the Third Amended Complaint, see the Court's previous order, Deering v. Lassen Community College District, 2008 WL 4570339 (E.D. Cal. Oct. 14, 2008).

2

hostile work environment and retaliation with the United States Equal Employment Opportunity Commission ("EEOC"), beginning September 2006. On February 16, 2007, she received notice that her claim against the District, pursuant to California Government Code §§ 910 *et seq.*, was rejected. On July 26, 2007, Plaintiff filed the instant action.

On July 21, 2008, Plaintiff filed a Third Amended Complaint ("TAC"), alleging the following claims for relief: (1) discrimination and harassment in violation of Title VII, (2) hostile work environment and sexual harassment in violation of California's Fair Employment and Housing Act ("FEHA"), (3) retaliation in violation of FEHA, and (4) intentional infliction of emotional distress. Defendant now brings the instant motion, arguing that summary judgment should be granted in its favor on all claims.

## II.   OPINION

### A.   Legal Standard

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Because the purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses," <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-324 (1986), "[i]f summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue." Fed. R. Civ. P. 56(d).

3

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). If the moving party meets its burden, the burden of production then shifts so that "the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting Fed. R. Civ. P. 56(e)). The Court must view the facts and draw inferences in the manner most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). However, "inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn." Dotson v. County of Kern, 2010 WL 4878802, *4 (E.D. Cal. Nov. 17, 2010) (citations omitted). Further, the court is not required to examine the entire file for evidence establishing a genuine issue of material fact where the evidence is not set forth in the opposing papers with adequate references. Id.

A "scintilla of evidence" is insufficient to support the non-moving party's position; "there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. Accordingly, this Court applies to either a defendant's or plaintiff's motion for summary judgment essentially the same standard as for a motion for directed verdict, which is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. When one party

4

1 tells a story that blatantly disregards the record, a court should
2 not adopt that version of the facts for purposes of ruling on a
3 motion for summary judgment.  Scott v. Harris, 550 U.S. 372, 380
4 (2007).  Mere disagreement or bald assertion that a genuine issue
5 of material fact exists will not preclude the grant of summary
6 judgment.  Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.
7 1987).

8      Eastern District Local Rule 260(b) states that any party
9 opposing a motion for summary judgment shall reproduce the itemized
10 facts in the Statement of Undisputed Facts and admit those facts
11 that are undisputed and deny those that are disputed, including
12 with each denial a citation to the particular portions of any
13 pleading, affidavit, deposition, interrogatory answer, admission or
14 other document relied upon in support of that denial.  The opposing
15 party may also file a concise "Statement of Disputed Facts" and the
16 source thereof in the record, of all additional material facts as
17 to which there is a genuine issue precluding summary judgment.  The
18 opposing party shall also be responsible for filing of all
19 evidentiary documents cited in the opposing papers.  E.D. Cal. L.R.
20 260(b).[3]

---

[3] Plaintiff did not submit a separate statement of disputed facts, instead only responding to Defendant's statement of undisputed facts.  For some facts she stated explicitly "undisputed" or "disputed," however the majority of her responses were convoluted statements in which she neither disputed the factual statement by Defendant nor admitted it. Instead, Plaintiff responded by writing her own version of events.  She failed to respond to some facts, failed to state explicitly whether a fact was disputed or undisputed for all responses, failed to provide proper citations to supporting evidence for all responses, and responded to many facts only by citing to other responses.  Defendant's Amended Reply brief (Doc. #108) summarizes a number of these problems and the difficulties they created.  The Court has also reviewed Defendant's

5

B. <u>Claims for Relief</u>

    1. <u>"Title VII, Discrimination and Harassment," First Claim for Relief</u>

Defendant argues that it is entitled to summary judgment in its favor because Plaintiff is unable to demonstrate a prima facie case of gender discrimination. Plaintiff alleges that she was subjected to discrimination and harassment, based on her gender, after she ended an affair with fellow employee Alberico.

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Title VII claims follow a burden shifting framework. <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1972). To show discrimination under Title VII, the plaintiff must carry the initial burden under the statute of establishing a prima facie case of discrimination. If the plaintiff is successful, the burden then shifts to the employer to articulate some legitimate, non-discriminatory reasonable basis for taking the adverse employment action. Once the employer articulates a legitimate reason, the plaintiff must be given the opportunity to demonstrate that the employer's proffered reason was merely a pretext. <u>Id.</u> at 802-806. To establish a prima facie case of discrimination under Title VII,

---

evidentiary objections (Doc. #107, Ex. 2), but declines to individually rule on the 72 pages of objections as it is unnecessary to the determination of this motion. See Judge William Shubb's excellent discussion of evidentiary objections in <u>Burch v. Regents of the University of California</u>, 433 F.Supp.2d 1110, 1118-1122 (E.D. Cal. 2006).

6

the plaintiff must offer proof: (1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protect class as the plaintiff.  <u>Cornwell v. Electra Cent. Credit Union</u>, 439 F.3d 1018, 1028 (9th Cir. 2006).

   Here, Defendant argues that Plaintiff has failed to meet her initial burden of establishing a prima facie case of discrimination based on her gender.  Defendant argues that Plaintiff cannot show a prima facie case of gender discrimination because none of the behavior that Plaintiff complained about was motivated by her gender, and because she did not suffer any adverse employment action.  Though Plaintiff eventually quit her job, she is not claiming constructive discharge.  It is undisputed that she was never fired, demoted, suspended, placed on leave or given an oral or written reprimand.  Though Plaintiff claims she was given more work and responsibility than what she originally anticipated with respect to overseeing the Correspondence program, she offers no admissible evidence that this was in any way related to her gender.  Her opposition brief states that other male employees in exempt management positions such as hers were paid more and that there was no report of them doing substantial overtime, but this statement is unsupported by admissible evidence.  It is also undisputed that Plaintiff knew when she applied for and accepted the job that it was an exempt management position with a $7,000 annual stipend.

   Plaintiff does not dispute that the alleged harassment by her

co-workers was related to her affair with Alberico. Nor does she produce admissible evidence to show that the alleged harassment was related to her gender. Indeed, her deposition testimony states that she is unaware of any derogatory comments made regarding her gender. Where Plaintiff now attempts to dispute her deposition testimony by submitting an affidavit, this does not create a genuine dispute. See Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991) ("the general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony").

Plaintiff has not met her burden to demonstrate a prima facie case of gender discrimination, nor has she raised any material disputes. Accordingly, summary judgment in Defendant's favor is granted for this claim.

### 2. Hostile Work Environment and Harassment in Violation of FEHA, Second Claim for Relief

To establish a prima facie case of hostile work environment and harassment under FEHA, a plaintiff must plead facts demonstrating: (1) she was subjected to verbal or physical conduct because of her sex; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of plaintiff's employment and create an abusive working environment. Manatt v. Bank of America, NA, 339 F.3d 792, 798 (9th Cir. 2003). FEHA is not a general civility code. Id. "Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms or conditions of employment." Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998).

Whether an environment is "hostile" or "abusive" can be determined only by looking at all the circumstances including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. Lyle v. Warner Bros. Television Productions, 38 Cal.4th 264, 283 (2006). In order to establish liability in a FEHA hostile work environment sexual harassment case, an employee must demonstrate that the conduct complained of was severe enough or sufficiently pervasive to alter the conditions of her employment and create a hostile or abusive work environment. Id. (italics omitted). A workplace may give rise to liability when it is permeated with discriminatory sex-based intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. Id. at 279.

Defendant argues that Plaintiff cannot show any harassment that was a result of her gender. Indeed, Plaintiff did not dispute Defendant's proffered fact that the harassment by her co-workers was related to her affair with Alberico. Plaintiff alleges that a hostile work environment was created after she ended the affair, in that Alberico avoided her and Alberico's sister interfered with Plaintiff's work. This, in addition to lack of funding and sufficient staff, required Plaintiff to do substantially more work than she had anticipated when she took on the Correspondence job. Plaintiff states that men in such exempt management positions did not face these problems and were higher paid, but offers no admissible evidence to support this statement. Plaintiff does not

dispute that Alberico did not bother her after the affair or say anything about her gender, that Cissell did not say anything about the affair or about her gender to her, and that Lynda Alberico (Alberico's wife) did not say anything about her gender to her. Thus, while it is undisputed that Lynda Alberico performed her job in a manner that made it very difficult for Plaintiff to perform her own her job, and that Cissell did not step in as president to rectify the situation or provide Plaintiff with more staff, Plaintiff offers no admissible evidence linking these workplace issues to her gender, as required by FEHA. Accordingly, summary judgment in favor of Defendant is granted.

### 3. Retaliation in Violation of FEHA, Third Claim for Relief

To establish a prima facie case of retaliation under FEHA a plaintiff must plead facts showing: (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the two. Raad v. Fairbanks North Star Borough School District, 323 F.3d 1185, 1196-97 (9th Cir. 2003); Yanowitz v. L'Oreal USA, Inc., 36 Cal.4th 1028, 1042 (2005). The proper standard for defining an "adverse employment action" under California law is the "materiality test," which requires that an employer's adverse action materially affect the terms and conditions of employment." See Id. at 1036. In Yanowitz, the court explained that FEHA protects an employee against unlawful discrimination with respect not only to ultimate employment actions such as termination or demotion, but also to the entire spectrum of employment actions that are reasonably likely to materially affect an employee's job performance or opportunity for

advancement in his or her career.  See Id. at 1053-54.  Further, "there is no requirement that an employer's retaliatory acts constitute one swift blow, rather than a series of subtle, yet damaging injuries."  Id. at 1055.  In determining whether a plaintiff has suffered an adverse employment action, "it is appropriate to consider plaintiff's allegations collectively under the totality-of-the circumstances approach."  Id. at 1052 n. 11.

    Defendant argues that Plaintiff's claim for retaliation fails because she cannot demonstrate that she suffered an adverse employment action, and because she cannot demonstrate any causal connection between her protected activity and any alleged retaliatory acts.  Plaintiff argues that she was retaliated against by her co-workers and supervisors for ending the affair with Alberico.  She also argues that she was retaliated against for filing her EEOC complaint.  FEHA makes it unlawful for an employer to discharge, expel or otherwise discriminate against any person because the person has opposed any practices forbidden by FEHA or has filed a complaint, testified or assisted in any proceeding. See Cal. Gov. Code § 12940(h).  Thus, while filing an EEOC complaint constitutes a protected activity under FEHA, ending an affair does not.

    Plaintiff argues that that her increasingly burdensome job responsibilities, without being given sufficient assistance or a raise, and Cissell's choice of who would be her supervisor, constituted retaliatory adverse employment actions.  She argues that Cissell commented at a meeting that he could fire anyone, in response to a discussion about employees who had filed complaints against the college.  However, Plaintiff's deposition testimony

11

states that she did not interpret Cissell's general comment as being directed towards her. Her deposition further states that she had only recently filed her complaint when this comment was made, and that she did not believe that Cissell was even aware of it. Though she attempts to dispute this fact by offering her own affidavit stating the contrary, as discussed above a genuine dispute is not created by submitting an affidavit to contradict a deposition. Additionally, Plaintiff cites to the affidavit of Karen Grotz, which does not support Plaintiff's dispute, and the affidavit of Victoria Ramsey, which also does not support Plaintiff's dispute as it recounts a conversation that took place before Plaintiff had even filed her EEOC complaint. Plaintiff does not offer any evidence of actions taken against her due to the filing of her EEOC complaint, and she does not dispute that no one at the college approached regarding her filing of the EEOC complaint.

### 4. Intentional infliction of Emotional Distress, Fourth Claim for Relief

Plaintiff alleges that she suffered from intentional infliction of emotional distress while at her job. Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct. Alaniz v. Peppercorn, 2007 WL 1299804, *9 (E.D. Cal. May 3, 2007) (citations omitted). Conduct is deemed

outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. Id. (Citations omitted). Plaintiff's opposition brief states that she has provided substantial evidence of intentional infliction of emotional distress so as to raise an issue for the trier of fact. However, a review of the evidence presented by Plaintiff fails to reveal such evidence.

Defendant argues that as a matter of law it should have immunity as a public entity under Government Code §815. The Court already addressed this argument in its previous order, Deering v. Lassen Community College District, 2008 WL 4570339 (E.D. Cal. Oct. 14, 2008), explaining that the Government Tort Claims Act provides a statutory basis for tort liability, and that Defendant is only immune from liability if its employees have immunity. Plaintiff did not address Defendant's claim of immunity in her opposition to summary judgment. However, the Court does not reach the issue of immunity, as it is clear that Plaintiff cannot maintain her claim for intentional infliction of emotional distress. Plaintiff's claim, and her factual disputes, focus on whether Cissell hired Lynda Alberico to fill an interim position as Dean of Instructional Services, from July 2006 to October 2006, with the intent of causing Plaintiff emotional distress. In this position Lynda Alberico was Plaintiff's supervisor. The Court has already granted summary judgment in favor of Cissell on this claim (without opposition from Plaintiff), and he has now been dismissed from the suit. Though Plaintiff now attempts to raise disputes regarding Cissell's actions, she has not offered evidence that disputes Defendant's proffered facts nor shown that a triable issue of fact

exists with respect to this claim.  In short, Plaintiff fails to raise a genuine issue of material fact, as her attempts to dispute Defendant's proffered facts were unsuccessful, and she did not offer any disputed facts of her own.

## III. ORDER

For the reasons set forth above, Defendant's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

Dated: January 19, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE